UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISEMENA BRANCHEDOR,

        Plaintiff,

vs.	Case No. 2:05-cv-398-FtM-99SPC

2900 TWELFTH STREET NORTH, LLC, d/b/a LAKESIDE PAVILION REHABILITATION & NURSING CENTER,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #18) filed on June 5, 2006. Plaintiff filed her Response on June 19, 2006. (Doc. #21.)

**I.**

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). To satisfy the pleading

requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). While the federal pleading burden is not great, it nonetheless requires fair notice of the claim and the grounds upon which the claim rests. Dura Pharm., Inc. v. Broudo, 125 S.Ct. 1627, 1634 (2005).

## II.

The two-count Complaint alleges employment discrimination based on plaintiff's race under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), (Count I), and (2) the Florida Civil Rights Act of 1992, FLA. STAT. § 760, *et seq.* (Count II). The Complaint alleges that defendant employed plaintiff as a certified nursing assistant from October 2000 through October 8, 2004, when she was terminated based on her race. The Complaint further alleges that plaintiff is black, and that defendant discriminated against plaintiff and terminated her employment due to her race. Attached as an exhibit is plaintiff's statement to the EEOC that her supervisor "treated me differently" and she was fired for no reason.

Assuming plaintiff's proof of discrimination will be circumstantial, to establish a *prima facie* case under Title VII, plaintiff must show: (1) that she belongs to a protected class; (2) that she suffered an adverse employment action; (3) that she was

qualified to do her job; and (4) that she was treated less favorably than similarly situated employees outside of the protected class.[1] <u>Lathem v. Dep't of Children and Youth Serv.</u>, 172 F.3d 786, 792 (11th Cir. 1999). As the Eleventh Circuit has emphasized, "[d]emonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." <u>Holified v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997).

At this point, the Court may only dismiss plaintiff's Complaint if it finds that plaintiff could come forward with no set of facts consistent with her allegations to state a claim for relief. Plaintiff has alleged that she is a member of a protected class (Doc. #1, ¶¶ 7, 11, 14-15), that she suffered adverse employment actions (<u>id.</u>, ¶ 23), and that she was qualified to do her job (<u>id.</u>, ¶ 18). The attachment to the Complaint, which is considered a part of the complaint under Fed. R. Civ. P. 10(c), alleges that plaintiff was treated "differently" than others, which is sufficient to satisfy the final requirement. Because the Court cannot say that plaintiff will be able to produce no set of facts consistent with her allegations which would state a claim for discrimination, the motion must be denied.

Accordingly, it is now

---

[1] The Eleventh Circuit analyzes claims under the Florida Civil Rights Act using the same principles developed for analyzing Title VII cases. <u>Morris v. Arizona Beverage Co., L.L.C.</u>, 126 Fed. Appx. 941, 941 n.1 (11th Cir. 2005).

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #18) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of July, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record